No. 25-1995

_____

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

_____

ZOYA KOVALENKO,

*Appellant-Petitioner*,

v.

PARISIS G. FILIPPATOS, TANVIR H. RAHMAN, AND FILIPPATOS PLLC,

*Appellee-Respondents*.

_____

In re: ZOYA KOVALENKO

_____

On Appeal and Petition for Review from the
United States District Court for the Northern District of California
*Kovalenko v. Kirkland & Ellis LLP*, No. 4:22-cv-05990
The Honorable Haywood S. Gilliam, Jr., Presiding

_____

**APPELLANT-PETITIONER'S MOTION TO SEAL
VOLUME 3 OF EXCERPTS OF RECORD**

_____

Zoya Kovalenko (California State Bar No. 338624)
13221 Oakland Hills Blvd., Unit 206
Germantown, MD 20874
(678) 559-4682
zoyavk@outlook.com
*Counsel for Appellant-Petitioner Zoya Kovalenko*

# **TABLE OF CONTENTS**

**TABLE OF CONTENTS** ................................................................................... i

**TABLE OF AUTHORITIES** ............................................................................. v

**APPELLANT-PETITIONER'S MOTION TO SEAL VOLUME 3 OF EXCERPTS OF RECORD** ................................................................................ 1

    **I.   ARGUMENT** ........................................................................................ 1

        A.   **Applicable Legal Standard.** ................................................... 1

        B.   **Reasons for Sealing.** ............................................................... 3

    **II.  CONCLUSION** ................................................................................... 8

i

# TABLE OF AUTHORITIES

**Cases**

*Arebalo v. Apple, Inc.*,

   No. 5:19-cv-03034-EJD, 2022 WL 580865 (N.D. Cal. Feb. 25, 2022) ...........2, 3

*Beard v. County of Stanislaus*,

   No. 1:21-cv-00841-ADA-SAB,

   2022 WL 12073987 (E.D. Cal. Oct. 20, 2022) ..............................................6, 7

*Beckman Industries, Inc. v. International Insurance Co.*,

   966 F.2d 470 (9th Cir. 1992) ...................................................................................3

*Center for Auto Safety v. Chrysler Group, LLC*,

   809 F.3d 1092 (9th Cir. 2016) ................................................................................2

*Chi-Fu Hsueh v. Bankers Life & Casualty Co.*,

   421 F. Supp. 3d 937 (S.D. Cal. 2019) ...................................................................3

*Gillette Co. v. Pace Shave, Inc.*,

   No.17-mc-80045-JSC (N.D. Cal. Jul. 25, 2017),

   https://casetext.com/case/gillette-co-v-pace-shave-inc ........................................3

*Hawkins v. Christensen*,

   No. 1:13-CV-00321-BLW, 2020 WL 1518623 (D. Idaho Mar. 30, 2020)..........8

*HotSpot Therapeutics, Inc. v. Nurix Therapeutics, Inc.*,

   No. 22-cv-04109-TSH, 2023 WL 3259471 (N.D. Cal. May 3, 2023) .................3

*Johnson v. Barber & Associates LLC*,

    No. 3:24-CV-00214-SLG, 2025 WL 417786 (D. Alaska Feb. 6, 2025)..............4

*Kamakana v. City & County of Honolulu*,

    447 F.3d 1172 (9th Cir. 2006).................................................................................2

*McGhee v. Chavez*,

    No. CV-23-08041-PCT-DWL, 2023 WL 2708765 (D. Ariz. Mar. 30, 2023) .....7

*MMI, Inc. v. Baja, Inc.*,

    743 F. Supp. 2d 1101 (D. Ariz. 2010)...................................................................1

*Phillips ex rel. Byrd v. General Motors Corp.*,

    307 F.3d 1206 (9th Cir. 2002).............................................................................3

*Phillips-Kerley v. City of Fresno*,

    No. 1:18-cv-00438 AWI-BAM,

    2018 WL 11237917 (E.D. Cal. Dec. 7, 2018)............................................2, 5, 8

*Sabre International Security v. Torres Advanced Enterprise Solutions, LLC*,

    219 F. Supp. 3d 155 (D.D.C. 2016) ..............................................................5, 7

*San Jose Mercury News v. United States District Court*,

    187 F.3d 1096 (9th Cir. 1999).........................................................................4

*Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*,

    464 F. Supp. 2d 164 (E.D.N.Y. 2006)..........................................................5, 7

(5 of 13), Page 5 of 13    SEALED Case: 25-1995, 03/27/2025, DktEntry: 7.1, Page 5 of 13

*United States Equal Employment Opportunity Commission v. ABM Industries Inc.*,

   No. 1:07-cv-01428 LJO JLT, 2010 WL 582049 (E.D. Cal. Feb. 12, 2010) ........4

*United States v. Bauer*,

   132 F.3d 504 (9th Cir. 1997)..............................................................................5

*United States v. Corona-Garcia*,

   210 F.3d 973 (9th Cir. 2000)..............................................................................8

*United States v. Glens Falls Newspapers, Inc.*,

   160 F.3d 853 (2nd Cir. 1998)..............................................................................4

**Statutes**

Federal Rule of Civil Procedure 26(c)................................................................2, 3

# APPELLANT-PETITIONER'S MOTION TO SEAL

# VOLUME 3 OF EXCERPTS OF RECORD

Appellant-Petitioner Zoya Kovalenko ("**Appellant**" or "**Plaintiff**") respectfully moves the Court to seal, *ex parte*,[1] Volume 3 of Appellant-Petitioner's Excerpts of Record, (3-ER-255–423). *See* 9th Cir. R. 27-13(a) & (e).

## I. ARGUMENT

### A. Applicable Legal Standard

"In a non-dispositive motion, a party need only make a particularized showing of 'good cause' to seal a document instead of the normal 'compelling reasons' standard." *MMI, Inc. v. Baja, Inc.*, 743 F. Supp. 2d 1101, 1106 (D. Ariz. 2010) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir.

---

[1] The request in this motion to maintain documents sealed "ex parte" applies to Kirkland & Ellis LLP, the other defendants in the underlying action, and their counsel, Orrick, Herrington & Sutcliffe LLP (collectively, the "**Defendants**"). Appellee Filippatos PLLC ("**Filippatos**"), the party to whom Appellant's dispute on appeal pertains, has received fully unredacted versions of the documents and materials that Appellant requests to be maintained under seal and *ex parte*. Declaration of Zoya Kovalenko in Support of Appellant-Petitioner's Motion to Seal Volume 3 of Excerpts of Record, attached hereto ("**Kovalenko Declaration**"), at ¶ 7; 2-ER-6–7 & 2-ER-54–56 (Plaintiff's certificates of service on appellees, Plaintiff's former counsel, of unredacted versions of documents for which sealing is sought here); *see also* Excerpts R. Index Vol. pp. 2–3 (describing same). Defendants did not object to Plaintiff's request to file the same documents *ex parte* during the lower-court proceeding leading to this appeal. Kovalenko Decl. ¶ 5; *see* 2-ER-231–34 (docket for underlying district-court case showing no objections filed by Defendants).

1

2006)).² Further, courts treat requests to seal motions related to filings regarding attorney withdrawals and related disputes, as subject to the good-cause standard. *E.g.*, *Phillips-Kerley v. City of Fresno*, No. 1:18-cv-00438 AWI-BAM, 2018 WL 11237917, at *1 (E.D. Cal. Dec. 7, 2018). Moreover, "[r]ecords attached to motions that are 'not related, or only tangentially related, to the merits of a case' are not subject to the strong presumption of access." *Arebalo v. Apple, Inc.*, No. 5:19-cv-03034-EJD, 2022 WL 580865, at *1 (N.D. Cal. Feb. 25, 2022) (quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016)) (citing *Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.")). "Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower 'good cause' standard of Rule 26(c) of the Federal Rules of Civil Procedure." *Arebalo*, 2022 WL 580865, at *1 (citing *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80). "The 'good cause' standard requires a 'particularized showing' that 'specific prejudice or harm

---

² Here, Plaintiff's Motion to Notice Termination of Filippatos PLLC for Cause, which is the basis for this appeal, is a non-dispositive motion because it does not directly affect the merits of her underlying district-court action against Defendants. *E.g.*, 1-ER-2; 3-ER-260–61 (3/6/25 Hr'g Tr. pp. 6:12–7:16); 3-ER-376–403; *cf.* 2-ER-199–222 (excerpted amended complaint). To be clear, this appeal concerns her termination of her former counsel, who are appellees in this appeal. 2-ER-223–25.

2

will result' if the information is disclosed." *Arebalo*, 2022 WL 580865, at *1 (quoting *Phillips ex rel. Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)) (citing Fed. R. Civ. P. 26(c)). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning' will not suffice." *Arebalo*, 2022 WL 580865, at *1 (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

  **B.** <u>Reasons for Sealing</u>

  Courts routinely find good cause exists to seal information related to settlement negotiations and mediation proceedings. *E.g.*, *Chi-Fu Hsueh v. Bankers Life & Cas. Co.*, 421 F. Supp. 3d 937, 945–46 (S.D. Cal. 2019) (granting motion to seal documents related to parties' mediation, including declaration); *HotSpot Therapeutics, Inc. v. Nurix Therapeutics, Inc.*, No. 22-cv-04109-TSH, 2023 WL 3259471, at *3 (N.D. Cal. May 3, 2023) (finding good-cause standard met for "information pertaining to confidential mediation communications" and granting motion to seal same); *Gillette Co. v. Pace Shave, Inc.*, No.17-mc-80045-JSC, at *3 (N.D. Cal. Jul. 25, 2017), https://casetext.com/case/gillette-co-v-pace-shave-inc ("After careful review of Movants' and Gillette's submitted documentation, this Court agrees that the revised redacted material concerns sensitive business information regarding settlement negotiations and agreements between the parties.

As such, the Court finds good cause to seal this sensitive information." (citing *San Jose Mercury News v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999)).

There are legitimate public and private interests in sealing information related to mediation and settlement negotiations, as doing so encourages settlement. *U.S. E.E.O.C. v. ABM Indus. Inc.*, No. 1:07-cv-01428 LJO JLT, 2010 WL 582049, at *2 (E.D. Cal. Feb. 12, 2010) (acknowledging that "confidentiality of the mediation process encourages settlement" (quoting *United States v. Glens Falls Newspapers, Inc.,* 160 F.3d 853, 858 (2nd Cir. 1998)). By that token, here, sealing is necessary to protect Plaintiff's ability to obtain an out-of-court resolution in the underlying action by precluding disclosure of material information directly related to mediation and settlement negotiations, which if disclosed would directly undermine and "contravene the well-established policy favoring the confidentiality of settlement discussions." *Johnson v. Barber & Assocs. LLC*, No. 3:24-CV-00214-SLG, 2025 WL 417786, at *3-4 (D. Alaska Feb. 6, 2025) (finding good cause exists to seal email exchange containing an offer of settlement); Declaration of Zoya Kovalenko to Seal Volume 3 of Excerpts of Record, attached hereto ("**Kovalenko Declaration**"), at ¶¶ 3, 5–6. Sealing is also needed to protect the sanctity of any potential out-of-court resolution. Kovalenko Decl. ¶ 3.

Further, Plaintiff has good cause to seal and file *ex parte* the documents and materials at issue because they involve protected and confidential communications

4

with her former counsel, Filippatos PLLC ("**Filippatos**"). Kovalenko Decl. ¶¶ 3, 5–6; *e.g.*, *Phillips-Kerley*, 2018 WL 11237917, at *1 (concluding good cause exists to seal documents "contain[ing] confidential communications between counsel and his client" and granting request that sealed information "not be [made] available to the opposing party"); *Sabre Int'l Sec. v. Torres Advanced Enter. Solns., LLC*, 219 F. Supp. 3d 155, 158–59 (D.D.C. 2016) ("Numerous courts have reviewed . . . affidavits under seal to ascertain the basis of the motion to withdraw without upsetting the attorney-client privilege."); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165–66 (E.D.N.Y. 2006) ("A review of the relevant case law demonstrates that documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and that this method is viewed favorably by the courts."); *see also United States v. Bauer*, 132 F.3d 504, 510 (9th Cir. 1997) (noting that "attorney-client privilege is, perhaps, the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system") (citation omitted). Disclosure of such documents and materials may cause further prejudice and harm to Plaintiff as Defendants could seek to inappropriately and prejudicially used the content of such materials against Plaintiff in the underlying lawsuit—including entirely unsupported

5

and defamatory statements made by Filippatos attacking her character and lawsuit. *See* Kovalenko Decl. ¶¶ 3, 5–6; *see also, e.g.*, 3-ER-412 (¶ 16).

Thus, multiple factors warrant sealing, and maintaining the documents and materials *ex parte,* including "a threat of immediate or irreparable injury/prejudice if the underlying motion is heard according to regular noticed motion procedures" and the fact that Plaintiff seeks an order that cannot be "obtained through a regularly noticed motion." *Beard v. Cnty. of Stanislaus*, No. 1:21-cv-00841-ADA-SAB, 2022 WL 12073987, at *4 (E.D. Cal. Oct. 20, 2022) (stating *ex parte* submission warranted where "one of the[se] . . . situations is applicable"). Here, there is a threat of immediate or irreparable injury and prejudice to Plaintiff if the Court were to unseal information revealing potential attorney-client privileged, work-product, and/or otherwise protected information and communications between Plaintiff and Filippatos. *See* Kovalenko Decl. ¶¶ 3, 5–6; 3-ER-292–423.

Relatedly, there is a threat of irreparable injury and prejudice to Plaintiff personally and to her lawsuit should the Court unseal portions of the redacted documents addressed herein, especially with respect to communications in which her former counsel, Filippatos, made unsupported, false, and defamatory remarks about her character and lawsuit. 3-ER-292–423; *see* Kovalenko Decl. ¶¶ 3, 5–6. The threat of irreparable injury and prejudice is further demonstrated by Filippatos's prior claim (albeit baseless) that it plans to deride Plaintiff and her case as a

6

purported defense to the mountain of evidence that Plaintiff fired it for cause. 2-ER-21; 2-ER-28 (¶¶ 3–4). Further, because this is an attorney-client dispute, it inherently implicates attorney-client communications and Plaintiff's attorney-work product, and consequently the relief she seeks cannot be obtained through standard procedures and a normally noticed motion. *Beard*, 2022 WL 12073987, at *4. Additionally, by not sealing the requested documents and materials, the Court risks deterring future individuals from exercising their right as a client to terminate unprofessional counsel and to seek appropriate relief from a court as a result.

Accordingly, maintaining the redacted information under seal and *ex parte* is warranted and appropriate under the circumstances as good cause is clearly present to do so. Kovalenko Decl. ¶¶ 3–6. Such a ruling would also be consistent with the approach courts often take when dealing with disputes between clients and their attorneys. *McGhee v. Chavez*, No. CV-23-08041-PCT-DWL, 2023 WL 2708765, at *2 (D. Ariz. Mar. 30, 2023) (citing *Sabre Int'l*, 219 F. Supp. 3d at 158–59; *Team Obsolete*, 464 F. Supp. 2d at 165–66) (requiring counsel to submit *ex parte* and under seal affidavit in support of withdrawal motion and allowing plaintiff to respond *ex parte* and under seal to ensure "the Court can gain the information it needs to appropriately balance the withdrawal factors while ensuring that no communications assertedly protected by attorney-client privilege are disclosed to the public or to Defendants"); *Hawkins v. Christensen*, No. 1:13-CV-00321-BLW, 2020 WL

7

1518623, at *46 (D. Idaho Mar. 30, 2020) (stating that disagreements with counsel should "properly should be heard ex parte as an attorney-client privileged matter"); *Phillips-Kerley*, 2018 WL 11237917, at *1; *see also United States v. Corona-Garcia*, 210 F.3d 973, 977 (9th Cir. 2000) (discussing *ex parte* hearing that was held to discuss party moving for substitution of counsel).

Less restrictive alternatives to sealing are not available as Plaintiff has limited the sealing request to tailored portions of the documents for which sealing is sought hereunder. Kovalenko Decl. ¶ 4.

## II. CONCLUSION

Accordingly, Plaintiff respectfully moves the Court to maintain under seal, *ex parte* of Defendants, Volume 3 (Under Seal) of Appellant-Petitioner's Excerpts of Record, (3-ER-255–423).

Respectfully submitted this 27th day of March 2025.

By: s/*Zoya Kovalenko*
Zoya Kovalenko (California State Bar No. 338624)
13221 Oakland Hills Blvd., Unit 206
Germantown, MD 20874
(678) 559-4682
zoyavk@outlook.com
*Counsel for Appellant-Petitioner Zoya Kovalenko*

8